UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RABI AWIL MOHAMED,<br><br>Plaintiff,<br><br>v.<br><br>UR M. JADDOU and RENA BITTER,<br><br>Defendants. | Civil No. 23-902 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Alexandra Zaretsky, **INTERNATIONAL REFUGEE ASSISTANCE PROJECT**, One Battery Park Plaza, Thirty-Third Floor, New York, NY 10004; Melissa Shay Keaney, **INTERNATIONAL REFUGEE ASSISTANCE PROJECT**, PO Box 2291, Fair Oaks, CA 95628; and Marc Prokosch, **PROKOSCH LAW LLC**, 1700 West Highway Thirty-Six, Suite 570, Roseville, MN 55113**,** for Plaintiff.

Bahram Samie, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants.

Plaintiff Rabi Awil Mohamed came to the United States as a refugee in 2015 and has been seeking derivative refugee status via I-730 petitions for his family since arrival. After filing his initial Complaint, United States Customs and Immigration Service ("USCIS") approved his I-730 petitions and sent them to the Department of State ("DOS") for processing in Ethiopia. Mr. Mohamed maintains an unreasonable delay claim against Ur M. Jaddou, Director of USCIS, and Rena Bitter, Assistant Secretary of State for Consular Affairs (collectively the "defendants"). USCIS argues that by approving and sending the petitions to DOS, any claims against Director Jaddou are moot because USCIS can take no

further action. DOS then argues that upon the dismissal of the claims against USCIS, Mr. Mohamed's unreasonable delay claim against Secretary Bitter fails to state a claim upon which relief can be granted. Because the claims against Director Jaddou are not moot and Mr. Mohamed has pled sufficient facts to sustain a claim of unreasonable delay, the Court will deny the defendants' Motion to Dismiss.

## BACKGROUND

### I.   FACTS

Plaintiff Rabi Awil Mohamed came to Minnesota from Ethiopia in 2015 as a refugee. (Am. Compl. ¶¶ 13–14, July 12, 2023, Docket No. 11.) Before fleeing Ethiopia, Mr. Mohamed met and married his wife Sahra Abdi Abdulahi in the Ethiopian refugee camp. (*Id.* ¶¶ 16, 18.) Together, they have three sons; one who was born before Mr. Mohamed left Ethiopia, and two others born since he resettled in Minnesota. (*Id.* ¶¶ 19, 82, 85.) Mr. Mohamed's wife and their three sons still live in the Ethiopian refugee camp. (*Id.* ¶ 6.) Since leaving Ethiopia, Mr. Mohamed has been able to return only once to visit his family. (*Id.* ¶ 84.)

Shortly after arriving in Minnesota, Mr. Mohamed submitted I-730 petitions seeking derivative refugee status for his wife and two oldest sons.[1] (*Id.* ¶¶ 8, 25.) Mr. Mohamed submitted the original I-730 petitions in August 2016. (*Id.* ¶ 52.) Five years

---

[1] Mr. Mohamed's youngest son could not be included with these original petitions, so a petition is processing separate from this action and not at issue here. (*Id.* ¶ 86.)

after submitting the original I-730 Petitions, USCIS asked Mr. Mohamed to submit more evidence proving his relationship with his wife and sons. (*Id.* ¶ 56.) In response, Mr. Mohamed submitted copies of his marriage certificate and birth certificates for each son. (*Id.* ¶ 58.) All documents were issued by the Ethiopian Vital Events Statistics Registration Agency, which USCIS recognizes as a legitimate state agency producing valid documents. (*Id.* ¶¶ 58–59.)

In May 2023, USCIS approved Mr. Mohamed's I-730 petitions for his wife and two oldest sons. (*Id.* ¶ 73.) However, his family is still waiting on a determination that they are admissible and eligible to travel.[2] (*Id.* ¶ 75.)

**II.    PROCEDURAL HISTORY**

Mr. Mohamed filed his initial Complaint in April 2023, before he had heard anything from USCIS regarding the status of his I-730 petitions. (Compl., Apr. 11, 2023, Docket No. 1.) After USCIS approved his I-730 petitions in May 2023, Mr. Mohamed filed an Amended Complaint. (*See generally* Am. Compl.) Mr. Mohamed's Amended Complaint brings claims against Ur M. Jaddou, in her official capacity as Director of USCIS, and Rena Bitter, in her official capacity as Assistant Secretary of State for Consular Affairs, claiming that together, the agencies still have not reached a final decision on Mr. Mohamed's I-730 petitions. (*See id.*) Mr. Mohamed seeks an order from the Court

---

[2] The Court is aware that interviews have been scheduled for Mr. Mohamed's family members in Ethiopia. This development has no impact on the Court's Order.

compelling the agencies to adjudicate his I-730 petitions. (*Id.* ¶ 93.) Director Jaddou and Secretary Bitter have moved to dismiss the Amended Complaint. (Defs.' Mot. Dismiss, July 26, 2023, Docket No. 12.)

## DISCUSSION

Defendants move to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. Neither argument is availing.

### I. SUBJECT MATTER JURISDICTION

#### A. Standard of Review

Article III of the Constitution requires that every matter before a court be a "case or controversy." U.S. CONST. art. III, § 2. This requirement must exist throughout all stages of the case, not just when the case is filed. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987).

In deciding a motion under Federal Rule of Civil Procedure 12(b)(1), the Court must first "distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). When subject matter jurisdiction faces a facial challenge, the factual allegations about jurisdiction are presumed to be true and thus the motion is only successful if there is a failure to allege or plead sufficient jurisdictional facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). In a factual attack to subject matter jurisdiction, which the defendants have asserted, the Court "inquires into and

resolves factual disputes," *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002),[3] and is free to consider "matters outside the pleadings," *Osborn*, 918 F.2d at 729 n.6. The Court may also make factual determinations about whether it may grant the relief requested. *Faibisch*, 304 F.3d at 801. The nonmoving party in a factual challenge "does not have the benefit of 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6. The party invoking federal jurisdiction bears the burden to prove jurisdictional facts by a preponderance of the evidence. *Moss. v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

**B.   Analysis**

Defendants argue that Mr. Mohamed's claims against Director Jaddou are moot because USCIS has adjudicated his I-730 petitions and can take no further action. If, "due to the passage of time or a change in circumstance," there is no longer a live issue in a case, that change can "prevent a federal court from granting effective relief" by rendering a case moot. *Ark. AFL-CIO v. FCC*, 11 F.3d 1430, 1435 (8th Cir. 1993). Mootness is "a jurisdictional bar, and must be considered before reaching the merits of the case." *Id.*

The mootness determination depends solely on whether USCIS has completed everything it can do in adjudicating an I-730 petition. The I-730 petition has two distinct phases. First, USCIS must grant approval of the petition if the principal refugee

---

[3] *Overruled in part on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) and *Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 469 n.4 (8th Cir. 2022).

establishes a qualifying relationship such as a spouse or unmarried minor child. 8 C.F.R. §§ 207.7(a), (d). Then, depending on where the principal refugee's family is located, USCIS will either make travel determinations about the family members or transition the petition to DOS to make those same travel determinations.[4] *Id.* § 207.7(f)(2); 9 FAM § 203.5-2(b)(3). In the countries where USCIS maintains a field office, there is no question that USCIS is responsible for the I-730 petition until it is denied, or until travel authorization is issued. 9 FAM § 203.5-2(b)(3). Mr. Mohamed's family, however, is in Ethiopia, where no USCIS field office is located. In countries where USCIS does not maintain a field office, it charges DOS with making the travel eligibility determinations, while reserving the right to review any discrepancies in the petition. 8 C.F.R. § 207.7(f)(2); 9 FAM § 203.5-2(a)(6).

Because of this transfer of duties, USCIS claims that its role in adjudicating Mr. Mohamed's I-730 petitions has terminated, such that the Court no longer has jurisdiction over this claim. USCIS considers its role terminated and DOS considers itself only an agent of USCIS in making the travel determinations. 9 FAM 203.5-2(a)(6). However, someone must maintain processing power over I-730 petitions until they are either denied or until travel authorization is issued. Courts have recently been inclined to find that USCIS

---

[4] USCIS maintains field offices in Nairobi, New Delhi, Beijing, Guangzhou, Havana, Guatemala City, San Salvador, and Mexico City. USCIS, *International Immigration Offices*, https://www.uscis.gov/about-us/find-a-uscis-office/international-immigration-offices, (last updated Aug. 28, 2023).

cannot escape liability or responsibility by passing off an I-730 petition to DOS. *Doe v. Risch*, 398 F. Supp. 3d 647 (N.D. Cal. 2019); *Salihi v. Blinken*, No. 23-718, 2023 WL 8007348 (S.D. Cal. Nov. 17, 2023).

In *Doe v. Risch*, the court granted the plaintiffs' motion for summary judgment and issued an order compelling adjudication of plaintiffs' I-730 petition within 30 days. 398 F. Supp. 3d at 659. The court made this determination after USCIS approved the I-730 petition and DOS interviewed the beneficiary, but no final decision had been made. *Id.* at 653. The Court did not separate the I-730 petition adjudication process into two distinct agency actions, but rather only dealt with it as one process and found a two-and-a-half-year delay unreasonable. *Id.* at 659.

In *Salahi v. Blinken*, the plaintiff's story mirrors that of Mr. Mohamed. 2023 WL 8007348, at *1–4. The plaintiff filed an I-730 petition that was originally approved by USCIS and sent to DOS for travel eligibility determinations only after she filed a federal complaint. *Id.* USCIS moved to dismiss for lack of subject matter jurisdiction, claiming the action was moot as it had adjudicated the I-730 petition. *Id.* at *3. In denying USCIS' motion to dismiss, the court cited the DOS Foreign Affairs Manual for the proposition that the Department of Homeland Security ("DHS"), and DHS alone, has the authority to adjudicate I-730 petitions. *Id.* at *4; 9 FAM 203.5-2(a)(1); 8 U.S.C. §§ 1103(a), 1157(c)(1), 1158; 6 U.S.C. § 271(b)(3).

The Court agrees with these decisions. DHS, through its subsidiary USCIS, maintains control over the entire adjudication of I-730 petitions. It is difficult to reconcile that in locations where USCIS maintains a field office, no transfer of responsibility occurs but where USCIS does not have a field office, its responsibility fully transfers to DOS with the petition. The Court finds no reason that Mr. Mohamed's family should suffer simply because of the geographic area in which they reside. As such, the Court will conclude that the claims against Director Jaddou are not moot as USCIS maintains jurisdiction over the I-730 petitions until they are either denied or until travel authorization has been issued, neither of which has occurred here.

## II. FAILURE TO STATE A CLAIM

### A. Standard of review

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff,

it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include "more than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At the motion to dismiss stage, the Court may consider the allegations in the Amended Complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).  The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not conflict with the Amended Complaint.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

**B.   Analysis**

Defendants argue that the claim of unreasonable delay against Secretary Bitter fails to state a claim upon which relief can be granted.  Defendants base their argument on the assumption that the claims against Director Jaddou are moot, and that because DOS received the I-730 petitions just a few months ago, Mr. Mohamed cannot possibly sustain a claim of unreasonable delay against Secretary Bitter.  However, as discussed above, the Court finds that the claims against Director Jaddou are not moot.  As a result, the clock began to run at the initial filing of the I-730 petitions, which was over seven years ago.  Courts have found significantly shorter delays to constitute unreasonable delay.  *Al-Rifahe v. Mayorkas*, 776 F. Supp. 2d 927, 937 n.8 (D. Minn. 2011) (collecting

cases that found unreasonable delay after three and four years).  Accordingly, Mr. Mohamed has pled sufficient facts to sustain a claim for unreasonable delay against Director Jaddou and Secretary Bitter to survive defendants' Motion to Dismiss.

## CONCLUSION

Mr. Mohamed submitted his I-730 petitions seeking derivative refugee status for his wife and sons over seven years ago.  After he filed a federal complaint for unreasonable delay, USCIS approved his I-730 petitions, but still Mr. Mohamed received no final resolution.  Because USCIS approved the petitions and then delegated them to DOS for travel determinations, USCIS argued that it was released of any further responsibilities regarding the adjudication process so, any claim against it is moot.  However, the Court finds that USCIS cannot avoid its responsibilities regarding I-730 petitions by delegating part of the adjudication process to DOS.  Because the claims against Director Jaddou are not moot, the clock for unreasonable delay began when the petitions were filed over seven years ago, and Mr. Mohamed has sufficiently pled a claim for unreasonable delay.  Thus, the Court will deny the defendants' Motion to Dismiss.

-11-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 12] is **DENIED**.

DATED: February 7, 2024
at Minneapolis, Minnesota.

                                           JOHN R. TUNHEIM
                                    United States District Judge